1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SAMANTHA SCHOTT BENNETT (NYBN 5132063)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       samantha.schott@usdoj.gov
8

9  Attorneys for United States of America

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                             OAKLAND DIVISION

13  UNITED STATES OF AMERICA,           )  CASE NO. 4-20-MJ-71473 MAG
                                        )
14         Plaintiff,                   )
                                        )  (~~PROPOSED~~) DETENTION ORDER
15     v.                               )
                                        )
16  RUSSELL HOLLAND,                    )
                                        )
17         Defendant.                   )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20  _____)

21

22

23

24

25

26

27

28

DETENTION ORDER
4-20-MJ-71473 MAG

On October 15, 2020, the defendant, Russell Holland, was arrested pursuant to a federal arrest warrant issued from the Southern District of New York.  Dkt. 1.  On October 16, 2020, the defendant appeared before the Court for initial appearance on the Rule 5 proceedings, at which time the government moved for detention.  Dkt. 2.  On October 21, 2020, the defendant appeared before the Court for detention hearing.  Dkt. 4.  The defendant appeared by Zoom video teleconference from Santa Rita Jail and was in custody at the time of the hearing.  The defendant was represented by Jerome Matthews of the Federal Public Defender's Office.  Assistant United States Attorney Samantha Schott Bennett appeared for the government.  The government moved for detention, and the defendant opposed.  The defendant moved for release pursuant to the conditions recommended by the Pretrial Services Agency, including a $50,000 unsecured bond, co-signed by his significant other.  At the hearing, the parties submitted proffers and arguments regarding detention, particularly with respect to the defendant's risk of non-appearance.  A continued detention hearing was held on October 26, 2020.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably ensure the defendant's appearance at future proceedings in the Southern District of New York.  Accordingly, the defendant must be detained pending removal and trial.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(l).  As noted on the record, the Court makes the following finding as the basis for its conclusion that no condition or combination of conditions will reasonably mitigate the defendant's risk of non-appearance:

The Court considered as factors supporting its conclusion:  (1) the nature and circumstances of defendant's recent arrest on September 26, 2020, which involved driving under the influence of alcohol and false identification to a police officer, (2) that the complaint and indictment against the defendant, and associated arrest warrants, were filed more than two and a half years prior, were not under seal, and that the co-defendant had already been arrested, prosecuted, and sentenced; (3) that when apprehended, the defendant provided a false name and date of birth and did not voluntarily reveal his identity, in an apparent effort to avoid detection; and (4) that the defendant according to a passenger in the car he was

driving, appears to have made admissions prior to his arrest that he had done something and was running from law enforcement.  For these and all the reasons and discussion on the record, the Court granted the government's motion for detention, finding that the defendant failed to meet his burden to demonstrate by a preponderance of the evidence that he did not pose a risk of non-appearance.  Therefore, the Court therefore concluded that no condition or combination of conditions will reasonably ensure his appearance at future proceedings.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: October 29, 2020

_____
HON. JOSEPH C. SPERO
CHIEF UNITED STATES MAGISTRATE JUDGE